This Opinion is a
Precedent of the TTAB

Mailed:
December 11, 2012

**United States Patent and Trademark Office**

Trademark Trial and Appeal Board

————

*In re Rogowski*

————

Serial No. 77083475

————

Gary J. Rogowski, applicant, appearing *pro se*.

Janet H. Lee, Trademark Examining Attorney, Law Office 102 (Karen M. Strzyz, Managing Attorney).

————

Before Kuhlke, Wellington and Lykos, Administrative Trademark Judges.

Opinion by Lykos, Administrative Trademark Judge:

On January 16, 2007, Gary J. Rogowski ("applicant") filed an intent-to-use application to register the mark ACTIVE REASONER in standard character format for "audio recordings featuring music" in International Class 9. Following issuance of a notice of allowance, on November 5, 2010, applicant submitted the following specimen, consisting of a photograph or screen shot of a web page from YouTube, a third-party Internet website, with his statement of use:



The Trademark Examining Attorney has refused registration under Trademark Act §§ 1 and 45, on the ground that applicant's specimen fails to show the applied-for mark used in direct connection with the identified goods. *See* 15 U.S.C. §§ 1051, and 1127; 37 CFR §§ 2.56 and 2.88(b)(2).

For the reasons explained below, we affirm the refusal to register.

A statement of use must include a specimen showing the applied-for mark in use in commerce for each class of goods and/or services specified in the statement of use. Trademark Act Sections 1 and 45, 15 U.S.C. §§ 1051, 1127; 37 CFR §§ 2.56(a), 2.88(b)(2). *See also* TMEP §§ 904, 1109.09(b) (Oct. 2012).

In support of the refusal to register, the examining attorney argues that the specimen does not show the applied-for mark used in connection with applicant's identified goods. More specifically, the examining attorney contends that "the specimen consists of a screen shot of a video performance uploaded

on YouTube." Appeal Brief, unnumbered p. 2. The examining attorney objects to the specimen on the basis that "a video recording is not necessarily an audio recording" because "the main purpose of a visual recording is to present visual content, whereas the main purpose of an audio recording is to provide audio content." *Id.*, unnumbered p. 3. The examining attorney also objects on the ground that the proposed mark as used on the specimen does not identify any tangible musical recording or downloadable audio recording, either of which would qualify as an audio recording featuring music in International Class 9.[1] Rather, the examining attorney maintains that the mark as used on the specimen appears to identify a "non-downloadable musical video performance that has been uploaded onto, or is streamed on the YouTube website in International Classes 038 and 041, respectively." *Id.* In addition, the examining attorney argues that the specimen is unacceptable because it "fails to indicate that the audio recording may be downloadable." *Id.*

During *ex parte* prosecution, applicant argued:

> My specimen was found unacceptable, because it was stated my specimen does not specifically show that my music can be downloaded from YouTube. I, and many others have downloaded my music directly from YouTube. There are many computer programs available for free, on the internet, which enable the user to download music and video. I use Real Player. I apologize for assuming that everyone who uses computers would be aware of the

---

[1] International Class 9 encompasses musical sound recordings in either downloadable or tangible form (for example, a compact disc). See USPTO's Acceptable Identification of Goods and Services Manual ("USPTO ID Manual"). Applicant's identification of goods is sufficiently broad to encompass musical sound recordings in both tangible or downloadable formats.

ease of downloading.  Being involved in the music industry has made me acutely aware of the music download phenomena....

Response to Office Action (March 8, 2011).  According to applicant's own description of the specimen submitted concurrently with his statement of use:

> This is a photograph of my computer screen showing my YouTube channel for my mark, Active Reasoner.  It is at my YouTube Active Reasoner channel, that my "audio recordings featuring music," may be accessed, and downloaded.

Statement of Use (November 5, 2010).  As further argued by applicant in his brief, he has "downloaded onto my computer all my songs from YouTube..." Applicant's Brief, unnumbered pp. 2-3.

On its face, the specimen includes applicant's mark used in connection with an uploaded video of a musical performance that may be streamed and viewed via the YouTube website.  The specimen also displays the following information:

> -The applied-for mark, ACTIVE REASONER, appears in the top left corner of the screen print.  Underneath the proposed mark, it reads "activereasoner's Channel."  In close proximity to the left of the mark is a button labeled "Subscribe."
>
> -On the right side of the specimen is a link which reads "Edit My Playlist."
>
> -Applicant's proposed mark appears again under the wording "Back to Playlist" accompanied by the following:  "Here are my songs presented in the order they were released on YouTube."  In successive order, the title of each song appears in hyperlink format.

Upon consideration of the above and any other relevant information that may be gleaned from the specimen, we do not find that the specimen shows

trademark use for the identified goods. Section 1(d)(1) of the Trademark Act, 15 U.S.C. § 1051(d)(1), requires that the applicant file a "specimen" or facsimile "of the mark as used in commerce." Trademark Rule 2.56(a), 37 CFR § 2.56(a), amplifies that an applicant filing an intent-to-use application file "one specimen . . . showing *the mark* as used in commerce on or in connection with *the goods or services*" (emphasis added). Finally, the Trademark Manual of Examining Procedure ("TMEP") § 904.07(a) (Oct. 2012) directs the examining attorney to "review the specimen to determine whether: . . . the specimen shows use *for the specific goods/services identified*." (emphasis added). Further, to be considered use in commerce the mark must be "placed in any manner on the goods or their containers or the displays associated therewith... and the goods are sold or transported in commerce..." 15 U.S.C. § 1127.

The submitted specimen, however, does not show the required correspondence between the mark and the identified goods being offered for sale or transport in commerce. We acknowledge the advent and certainly the trend of music being offered in downloadable formats or the equivalent thereof in lieu of the traditional trade channels for tangible sound recordings, e.g., CDs being sold via retail or online stores. But we nonetheless find dispositive that applicant's specimen does not include a "download" or similar link to put the consumer on notice that the identified goods ("audio recordings featuring music") are indeed available for download or the equivalent thereof. We view this failing as being similar to on-line retailing situations in which a webpage speci-

men fails to show a means for ordering the goods or service. *See, e.g., In re Osterberg*, 83 USPQ2d 1220, 1224 (TTAB 2007) (webpage specimen did not directly provide a means for ordering applicant's goods); *In re Genitope Corp.*, 78 USPQ2d 1819, 1822 (TTAB 2006) (same). *Cf. In re Dell Inc.*, 71 USPQ2d 1725, 1727 (TTAB 2004) (website specimen for downloadable computer software acceptable when it includes method to download, purchase or order the software). *See also, In re Sones*, 590 F.3d 1282, 93 USPQ2d 1118, 1124 (Fed. Cir. 2009) ("Relevant factors include, for example, whether Sones' webpages have a 'point of sale nature. . . .'") (citation omitted).

We further acknowledge applicant's intent and his assertion that viewers of his uploaded videos on YouTube may use third party software such as RealPlayer to record the audio portions of the videos and ultimately transfer this music file to an MP3 player or other devices and formats. However, on the record before us, in the absence of a "download" link or the equivalent thereof, applicant's specimen on its face fails to show use of his mark in commerce for the identified goods.

**Decision**: The refusal to register is affirmed.